These appeals are from the denial of two separate petitions for a writ of mandamus, one filed in Mobile Circuit Court and the other filed in Montgomery Circuit Court. The writs were denied in each instance, and the cases have been consolidated on appeal.
The petitioner, Elwood L. Hogan, sought the writ against the Mobile County treasurer, Carol R. Norris, seeking to have Norris pay him pension benefits out of Mobile County's supplemental judicial retirement plan. In a separate petition filed in Montgomery County against David G. Bronner and others, petitioner sought the writ to have his suspended pension benefits reinstated and all back and unpaid installments reinstated. Following the filing of answers, briefs, affidavits, and exhibits, each petition was denied.
Petitioner took the oath as a retired judge on January 20, 1983. On November 4, 1983, he was indicted by a federal grand jury on bribery charges, among others. These counts charged petitioner with offenses committed prior to his retirement and during his term as an active judge. On March 30, 1984, he was convicted of bribery and conspiracy to accept bribes.
On April 3, 1984, Dr. David Bronner, the retirement fund administrator, notified petitioner that his retirement benefits would be suspended with the next benefit check, and advised petitioner of his right to appeal this decision directly to the Alabama Supreme Court. Petitioner neither appealed the decision nor sought further or additional administrative review. Accordingly, his retirement benefits were suspended.
About nine months after the suspension, petitioner sought relief by filing a mandamus *Page 227 
petition in this Court, seeking to compel payment of retirement benefits to him. This Court granted the respondent retirement administrator's motion to dismiss the original petition filed in this Court.
Petitioner then filed these petitions for a writ of mandamus, and this consolidated appeal followed the denial of those petitions.
Able counsel for petitioner has presented a number of issues for review by this Court. Upon consideration, however, this Court has concluded that the only question requiring adjudication is whether petitioner's retirement benefits were lawfully suspended. We hold that they were lawfully suspended.
The Alabama Constitution of 1901, Art. 6, § 6.16 (Amend. 328), authorizes the legislature to establish judicial retirement, and by legislative act a circuit judge who has served for not less than 18 years or three full terms or a time equal to three full terms as a circuit judge may retire and receive retirement benefits. Code of 1975, §§ 12-18-6 (b);12-18-7 (a). Under § 12-18-7 (b), the judge so retired:
 "shall take the oath of office as a retired justice or judge and thereupon become an extra or additional judge of the state."
This oath of office, a copy of which was signed by the petitioner, states in part:
 "I will faithfully and honestly discharge the duties of the office upon which I am about to enter." (Emphasis added.)
The judicial retirement law also makes it clear that a retired judge "holds office" conditionally and may forfeit his office and his right to benefits. Section 12-18-10 (g) provides in part:
 "A retired justice or judge shall hold office as such additional or extra judge during good behavior and may be removed only for causes specified in the Constitution." (Emphasis added.)
It follows from these provisions that petitioner was holding a public office at the time of his conviction of crimes committed while he was actively serving as a circuit judge. The conviction for having committed those crimes rendered him constitutionally unfit to hold that public office:
 "No person convicted of embezzlement of the public money, bribery, perjury, or other infamous crime, shall be eligible to the legislature, or capable of holding any office of trust or profit in this state."
Ala. Const. of 1901, § 60. This constitutional prohibition is embodied in the state's statutory law in § 36-2-1 (a)(3), Code of 1975.
Also, Code of 1975, § 36-9-2, provides:
 "When any person holding any office or place under the authority of this state is sentenced by any court of the United States, of this state or of any other state to imprisonment in the penitentiary or hard labor for the county, his office or place shall be vacated from the time of the sentence. If the judgment is reversed, he shall be restored to office; but, if pardoned, he shall not be restored to office."
(Emphasis added.)
These provisions mandate the removal of a judge from his office as a retired judge under the judicial retirement law when he has been convicted of the crime of bribery committed while performing active duty as a judge. The removal from office of such a judge so convicted carries with it the forfeiture of the benefits of that office, including retirement benefits.
Because petitioner was not entitled to relief as a matter of law, Ex parte Lundy, 429 So.2d 998 (Ala. 1983), it was not error for the courts below to deny Hogan's petitions. Accordingly, the judgments rendered below must be, and they are hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.
JONES, ALMON, SHORES and ADAMS, JJ., concur in the result. *Page 228