The plaintiff, James A. Hendrix, appeals from the trial court's order dismissing his petition to compel Governor Guy Hunt to appoint him to the office of supernumerary district attorney. We affirm.
The facts of this case are not in dispute. Hendrix was elected to the office of district attorney of Baldwin County, Alabama (then called "circuit solicitor") in November 1958, and he served in that capacity until January 1981. On January 1, 1981, Governor Fob James appointed Hendrix as a super-numerary district attorney for Baldwin County, Alabama. On April 13, 1983, Hendrix was convicted in a federal court on marijuana conspiracy charges and was sentenced to serve five years in a federal penitentiary. As a result of the conviction, Hendrix was removed from the roll of active supernumerary district attorneys.
Hendrix was released on parole in November 1985, and he completed his sentence in 1988. He then petitioned the State of Alabama Board of Pardons and Paroles for a pardon and restoration of civil and political rights. On April 4, 1988, the board granted Hendrix a pardon and "ordered that all civil and political rights which were forfeited as a result of the conviction be and they are hereby restored." Thereafter, Hendrix petitioned this Court to be reinstated as an attorney authorized to practice law in the courts of Alabama. We granted his petition, effective June 10, 1988.
On May 28, 1991, Hendrix wrote to Governor Hunt, requesting "appointment or reappointment to the office of Supernumerary District Attorney" in Baldwin County, Alabama. The Governor did not respond to Hendrix's letter; therefore, on June 24, 1991, Hendrix filed an action against Governor Hunt in the Circuit Court of Baldwin County, seeking a declaration that, as a result of his pardon, he was eligible to serve as a supernumerary district attorney. Governor Hunt filed a motion to dismiss. Before ruling on the motion, the trial court ordered Governor Hunt to grant or deny Hendrix's request. On October 29, 1991, Governor Hunt denied Hendrix's request. The trial court, then, denied Governor Hunt's motion to dismiss. Governor Hunt filed an answer and a motion for judgment on the pleadings, or in the alternative, for summary judgment. The trial court issued an order containing the following provisions:
 "[U]nder the latest ruling of the Alabama Supreme Court on the legal effect of a pardon, . . . James A. Hendrix had all legal impediments and disabilities removed upon the granting of the pardon by the executive branch of government insofar as Section 12-17-213(a) and Section 12-17-214, Code of Alabama of 1975, are concerned.
". . . .
 "Nothing contained in this order directs the defendant to make the appointment, nor does the court rule on the applicability of any other section of the Alabama Code not embraced within the pleadings or made a part of the record."
On February 10, 1992, Hendrix filed in this Court a petition for the writ of mandamus, seeking to compel Governor Hunt to appoint him as a supernumerary district attorney. We denied his petition, without opinion, on March 11, 1992.
On February 28, 1992, Hendrix filed a petition in the Circuit Court of Baldwin County, Alabama, seeking to compel Governor Hunt to appoint him to the office of supernumerary district attorney. On April 2, 1992, Governor Hunt filed a motion to dismiss this petition. On April 16, 1992, the trial court dismissed Hendrix's petition, pursuant to Ala. Code 1975, §36-9-2, noting *Page 1256 
that "at the time [Hendrix] was convicted of a felony offense in the United States District Court for the Southern District of Alabama, he was holding a public office, supernumerary district attorney." The trial court stated that "[i]n the first action file by [Hendrix], . . . the fact that [Hendrix] was holding a public office at the time of his conviction was not properly raised." Hendrix appeals from the trial court's order dismissing his petition.
Although the parties have treated the trial court's order as a dismissal under Ala.R.Civ.P. 12(b)(6), the record reveals that the trial court considered undisputed evidence outside the pleadings; therefore, we deal with the court's order as a summary judgment in favor of Governor Hunt. See
Ala.R.Civ.P. 12(b). Because the facts of this case are not in dispute, we need only determine whether Governor Hunt was "entitled to a judgment as a matter of law." Bussey v. JohnDeere Co., 531 So.2d 860, 862 (Ala. 1988) (citingChiniche v. Smith, 374 So.2d 872 (Ala. 1979)); Rule 56(c) Ala.R.Civ.P.
Ala. Code 1975, § 12-17-213, prescribes the qualifications for serving as a supernumerary district attorney:
 "(a) Any person now serving or having formerly served as a district attorney of a judicial circuit of Alabama, who has served for not less than 18 years, when he has reached the age of 60 years, may elect to become a supernumerary district attorney by filing a written declaration to that effect with the governor. . . ."
Without question, if Hendrix had not been convicted for marijuana conspiracy, he would be qualified to serve as a supernumerary district attorney, and he was, in fact, serving in that capacity until his conviction. Hendrix maintains that his pardon restoring his civil and political rights restored his eligibility to serve as a supernumerary district attorney, pursuant this Court's holding in State ex rel. Sokira v.Burr, 580 So.2d 1340 (Ala. 1991). In Burr we held that an individual who has been convicted of a felony is not prohibited by Ala. Code 1975, § 36-2-1(a)(3), from holding public office, if he receives a pardon expressly restoring all civil and political rights. Id. at 1345. Section36-2-1 provides, in part:
 "(a) The following persons shall be ineligible to and disqualified from holding office under the authority of this state:
". . . .
 "(3) Those who shall have been convicted of treason, embezzlement of public funds, malfeasance in office, larceny, bribery or any other crime punishable by imprisonment in the state or federal penitentiary and those who are idiots or insane."
(Emphasis added.)
As we pointed out in Burr, § 36-2-1(a)(3) does "not address how a pardon that expressly restores to an individual his 'civil and political rights' affects that individual's ability to hold office." Burr, 580 So.2d at 1341. Hendrix's case is distinguishable from Burr
in this regard, because § 36-9-2 expressly addresses the legal effect of a pardon. Section 36-9-2 states:
 "When any person holding any office or place under the authority of this state is convicted by any court of the United States, of this state or of any other state of a felony, his office or place shall be vacated from the time of the conviction. If the judgment is reversed, new trial granted or judgment notwithstanding the verdict is rendered, he shall be restored to office; but, if pardoned, he shall not be restored to office."
(Emphasis added.) Unlike Burr, who was convicted of a felony and was pardoned prior to his election to public office (seeBurr, 580 So.2d at 1340-41), Hendrix was convicted of a felony while he was serving as a supernumerary district attorney. For this reason, the trial court held that Hendrix was prevented from holding office by § 36-9-2, not by §36-2-1(a)(3).
We stated in State ex rel. Moore v. Blake, 225 Ala. 124,126, 142 So. 418, 419 (1932), that the Legislature has the inherent power to prescribe qualifications for the holding of state offices of trust. In § 36-9-2, the Legislature has determined that an official convicted of a felony whileholding a public office shall not be restored *Page 1257 
to office, even if he receives a pardon.
Hendrix argues that the trial court erred by dismissing his petition to compel Governor Hunt to appoint him to the office of supernumerary district attorney because, he says, he was not seeking to be "restored to office" within the meaning of §36-9-2. He asserts that "restoring him to office" would mean giving him back the commission issued him by Governor James. Instead, he has requested that Governor Hunt issue him a new commission, to which, he says, § 36-9-2 would not apply.
We find no merit to Hendrix's argument. Regardless of which governor grants the commission, Hendrix seeks an appointment to the same office he forfeited pursuant to § 36-9-2. Accordingly, we affirm the judgment in favor of Governor Hunt.
AFFIRMED.
MADDOX, HOUSTON, STEAGALL and KENNEDY, JJ., concur.