MADDOX, Justice.
These appeals are from orders of the Fay-ette Circuit Court issuing a writ of quo war-ranto excluding Hubert Norris from the office of supernumerary sheriff of Fayette *78 County. The issue is whether Norris, having pleaded guilty to felonies, can serve as supernumerary sheriff after receiving a pardon.
Norris became sheriff of Fayette County in June 1974. In 1989, the State of Alabama and the office of the United States attorney investigated Norris for various criminal misconduct. On April 18, 1989, Norris entered into a plea agreement with the Federal Government that required him to resign his office and plead guilty to an indictment that was to be returned by a federal grand jury. The plea agreement contained the following clauses:

“PLEA AGREEMENT

“Subject to approval by the United States Department of Justice, the United States and the defendant hereby agree to do the following in the order stated:
“1. The defendant will resign from the office of sheriff of Fayette County, Alabama.
“2. The defendant will execute the attached authorization which directs the Federal Bureau of Investigation to distribute money seized from the Fay-ette County Sheriffs Office on January 25, 1989, to the Internal Revenue Service, the Alabama Alcoholic Bever- . age Control Board, and the Alabama Bureau of Investigation, and the Fay-ette County Commission.[1]
“3. The United States will present the attached indictment to a Grand Jury.
“4. The defendant will plead guilty to the indictment.
“5. Pursuant to Rule 11(e)(1)(B), Fed.R.Crim.P., and upon the Court’s acceptance of the aforesaid plea, the United States will recommend that the defendant be sentenced to custody for 37 months and be fined $25,000.
[[Image here]]

“WITHDRAWAL OF PLEA NOT ALLOWED

“If the Court decides not to give the recommended sentence the defendant may not withdraw his plea of guilty.”
On May 3, 1989, a federal grand jury indicted Norris for racketeering, bribery, and tax evasion. On May 4, 1989, Norris announced his intention to resign as sheriff. As reasons for resigning he cited his pending impeachment trial and criminal prosecutions. Norris resigned on May 5,1989. The United States attorney, in accordance with the plea agreement, recommended to the United States district court that Norris be sentenced to 37 months in prison and be fined $25,000. The court accepted the plea and imposed the recommended sentence. After completing his sentence, Norris applied for and was granted a pardon from the Alabama State Board of Pardons and Paroles, with a restoration of his civil rights. Thereafter, Norris applied for supernumerary status, and then Governor Jim Folsom, Jr., appointed him to the office.
We must determine whether § 36-9-2, Ala.Code 1975, prevents Norris’s appointment to the office of supernumerary sheriff. Section 36-9-2 states:
“When any person holding any office or place under the authority of this state is convicted by any court of the United States, of this state or of any other state of a felony, his office or place shall be vacated from the time of the conviction. If the judgment is reversed, new trial granted or judgment notwithstanding the verdict is rendered, he shall be restored to office; but, if pardoned, he shall not be restored to office.”
(Emphasis added.)
In Hendrix v. Hunt, 607 So.2d 1254 (Ala.1992), this Court upheld the trial court’s dismissal of a petition to compel Governor Guy Hunt to reappoint Hendrix, after he had received a pardon, to a supernumerary position. Hendrix was holding the supernumerary office when he was convicted of the felony. The Court held that § 36-9-2 prevented him from being appointed to the same office he had forfeited. In explaining its holding, the Court wrote:
*79 “We stated in State ex rel. Moore v. Blake, 225 Ala. 124, 126, 142 So. 418, 419 (1932), that the Legislature has the inherent power to prescribe qualifications for the holding of state offices of trust. In § 36-9-2, the Legislature has determined that an official convicted of a felony while holding a public office shall not be restored to office, even if he receives a pardon.”
607 So.2d at 1256-57 (emphasis in original).
Norris argues that Hendrix is not controlling because he was appointed to a new office, that of supernumerary sheriff, not restored to the same office, that of sheriff. He also argues that because he resigned before the date of the conviction, he was not convicted of a felony while in office. We find no merit in either argument.
Norris contends that the office of supernumerary sheriff is separate and distinct from the office of sheriff. Without deciding whether § 36-9-2 applies to any public office or only to the office from which the convicted officeholder was removed, this Court in James v. Thompson, 392 So.2d 1178 (Ala.1981), addressed the character of the office of supernumerary sheriff:
“[0]ur disposition of the instant appeal is aided by the literal meaning of the word ‘supernumerary.’ The word is derived from two Latin words — super, above or beyond; and numerus, a number. Thus, these two words, when used in combination and translated, mean exceeding a prescribed number. The legislative employment of this term, as a means of providing compensation to public officials conditioned upon age and length of service, created an office of public trust with duties and responsibilities concomitant with its purpose and design. While its members are above and beyond the numbers prescribed for active sheriffs, and its duties are limited and contingent by its nature, its character is not reduced to something less than that of a public office. Indeed, the Act provides that each supernumerary sheriff shall take the oath of office prescribed for sheriffs.”
392 So.2d at 1180.
. This Court addressed a similar issue in Hogan v. Bronner, 491 So.2d 226 (Ala.1986). In Hogan, a retired judge petitioned for writs ordering the payment of retirement benefits he alleged were owed to him. The plaintiff, while serving as a retired judge, was indicted and convicted of bribery and conspiracy to accept bribes during his term as an active judge. The Court reasoned that our judicial retirement law makes it clear that a retired judge holds office conditionally and may forfeit the office and any right to benefits.[2] Citing Ala. Const. of 1901, § 60, and §§ 36-2-1 (a)(3) and 36-9-2, Ala.Code 1975, the Court wrote:
“These provisions mandate the removal of a judge from his office as a retired judge under the judicial retirement law when he has been convicted of the crime of bribery committed while performing active duty as a judge. The removal from office of such a judge so convicted carries with it the forfeiture of the benefits of that office, including retirement benefits.”
491 So.2d at 227.
Applying the principle of Hogan, we conclude that Norris’s ability to serve in the position of supernumerary sheriff is derived solely from his ability to hold the office of sheriff. See §§ 36-22-60 to 36-22-65, Ala. Code 1975. Thus, he cannot enjoy the benefits of the office of supernumerary sheriff if his conviction of the felonies prevents his holding the office of sheriff. The trial court properly applied the Hogan principle in this case.
Finally, Norris argues that § 36-9-2, Ala. Code 1975, does not apply to prevent his appointment as supernumerary sheriff because he was not “convicted” while in office. We strongly disagree with his reasoning. Norris, while holding the office of sheriff, agreed to plead guilty to felonies listed in an indictment that was to be presented to a federal grand jury; the indictment alleged that he had committed these felonies while *80 he was in office. After the grand jury returned the indictment, Norris resigned his office under threat of impeachment and pleaded guilty to the charges in the indictment. The intent of § 36-9-2 is to remove from office a public official convicted of a felony, and the law prevents such an official from enjoying the benefits of the office he or she has abused. To allow Norris to avoid the application of § 36-9-2 by accepting his argument that he was not “convicted” while in office of felonies that he agreed, in writing, to plead guilty to, would defeat the entire purpose of the statute.
Accordingly, the orders of the circuit court must be, and they are hereby, affirmed.
AFFIRMED.
HOOPER, C.J., and HOUSTON and KENNEDY, JJ., concur.
BUTTS, J., concurs in the result.

. The portion of this clause reading "and the Fayette County Commission” was added to this typewritten agreement and initialed by the parties before they signed the agreement.

. In § 12-18-10(g), Ala.Code 1975, the legislature described a retired justice or judge as an "additional or extra judge.” See also Hogan, 491 So.2d at 227. This description of a retired judge is analogous to the description of a supernumerary sheriff.