MADDOX, Justice
(concurring specially).
I concur with the per curiam opinion’s interpretation of the supernumerary statute, § 12-17-213(b), Ala.Code 1975. Based on *424 my review of the statute, the ease law, and the appellants’ response to the questions propounded by this Court, I believe that this interpretation of the statute is the correct interpretation.
However, I write to point out that this supernumerary legislative scheme is extremely complex, made up of a patchwork of various statutes, seemingly without any organization or uniformity. Supernumerary status has for many years been a source of much legal debate and many legal challenges.[1] This opinion and the recent opinion in Norris v. Humber, 674 So.2d 77 (Ala.1995), demonstrate that the courts will continue to be faced with problems interpreting these statutes.

. See Norris v. Humber, 674 So.2d 77, 79 (Ala. 1995), in which we stated:
"|T|his Court in James v. Thompson, 392 So.2d 1178 (Ala. 1981), addressed the character of the office of supernumerary sheriff:
" ‘[0]ur disposition of the instant appeal is aided by the literal meaning of the word "supernumerary." The word is derived from two Latin words — super, above or beyond; and numerus, a number. Thus, these two words, when used in combination and translated, mean exceeding a prescribed number.' ”