JOHNSTONE, Justice.
The plaintiff State of Alabama (“the State”) appeals a summary judgment for the defendant Hubert Norris (“Norris”) in this quo warranto action filed by the State to remove Norris from the office of sheriff in Fayette County (“sheriff’). The sole issue presented by this appeal is whether, after a sheriff has been convicted of a felony and removed from office for such conviction by operation of § 36-9-2, Ala.Code 1975, and thereafter has been pardoned with restoration of “all civil and political rights which were forfeited as a result of the aforesaid conviction(s),” the same Code section bars him from ever again holding the office of sheriff even pursuant to a new election, sought and won after the pardon, to a new term or part thereof. Section 36-9-2 reads:
“When any person holding any office or place under the authority of this state is convicted by any court of the United States, of this state or of any other state of a felony, his office or place shall be vacated from the time of the conviction. If the judgment is reversed, new trial granted or judgment notwithstanding the verdict is rendered, he shall be restored to office; but, if pardoned, he shall not be restored to office.”
We hold that this section does not bar the subsequent holding of the office pursuant to the subsequent election. Accordingly, we affirm the summary judgment.
The order of the trial court granting the summary judgment explains the procedural posture of the case, the facts, and the rationale of the trial court:
“THIS case is heard on Complaint for Writ Quo Warranto filed by the Attorney General on behalf of the State of Alabama and on Motion to Dismiss and Amended Motion to Dismiss the same. Although the hearing was held pursuant to Rule 12(b)(6), Alabama Rules of Civil Procedure, the parties agree the facts are without dispute and are as stated herein. Therefore, pursuant to Rule 12, Ala. R. Civ. P., this Motion to Dismiss is treated as one for Summary Judgment as provided in Rule 56.
*559 “Hubert Norris held the office of Sheriff of Fayette County for consecutive terms beginning in 1974 until his resignation from that office pursuant to plea agreement in federal court in 1989. As part of that plea agreement, Hubert Norris pleaded guilty to multiple federal felonies and was sentenced to thirty-seven months in prison and a twenty five thousand dollar fine. Thereafter, on March 14, 1994, Hubert Norris received a pardon from the Alabama State Board of Pardons and Paroles restoring ‘all civil and political rights’ which were forfeited as a result of his federal conviction. After his pardon Mr. Norris was elected to the office of County Commissioner of Fayette County and served in that elected capacity for two years without objection to his eligibility to office. Thereafter, he qualified for, ran, and received the Democratic nomination for Sheriff for Fayette County in the Spring of 2002. In the general election of November 5, 2002, he was elected Sheriff of Fayette County and was sworn in on January 20, 2003. This action was filed the next day.
“The State contends Norris unlawfully holds the office of Sheriff of Fayette County by reason of § 36-9-2, Ala.Code 1975, which states ‘when any person holding any office or place under the authority of this state is convicted by any court of the United States, of this state or of any other state of a felony, his office or place shall be vacated from the time of the conviction. If the judgment is reversed, new trial granted or judgment notwithstanding the verdict is rendered, he shall be restored to office; but, if pardoned, he shall not be restored to office.’
“That code section and the effect of his pardon determine the legality of Hubert Norris’s incumbency. Section 36-9-2 deals with public office. Chapter 9 of the code containing it is styled ‘Vacation of Office; Filling of-Vacancies’ and it is designed to avoid, by operation of law, the delay of impeachment proceedings when a public official is convicted of a felony. So also, it provides for restoration by operation of law to offices vacated under certain circumstances, to-wit, reversal, new trial, or JNOV.
“ ‘Office’ within the meaning of § 36-9-2, means the specific office and term vacated, along with the benefits thereof. To hold otherwise, as the State urges herein, would require a construction of ‘restored to office’ as used in the last sentence of the code section so that its use in the last clause of the sentence has a different meaning from its use in the first clause of that sentence. ‘Restored’ in the first clause of the sentence, the State agrees, means put back in office by operation of law, just as the office was vacated. The State here urges ‘restored’ in the last clause means appointed, elected, or otherwise attaining office by any means. Furthér, ‘office’ in the first clause must mean the specific office for the specific term. To hold otherwise would create the result that an office holder, convicted in the last term year of his term, his office vacated thereby, and whose conviction was reversed three years later would be restored to his office. His duly elected successor, although in a different term, would be deposed from, office and the ‘restoration’ arguably would be for life since no term was specified. That construction is not only contrary to general rules of statutory construction, but it is contrary to common sense. Hubert Norris was ineligible for appointment as supernumerary sheriff because such appointment grew out of and was .a benefit of the office and term vacated by his conviction *560 in 1989. Norris v. Humber, 674 So.2d 77 (Ala.1995).
“There is no need to analyze the nature of supernumerary office except to note that it is both an ‘office,' Hendrix v. Hunt, 607 So.2d 1254 (Ala.1992), and a benefit of office, Norris, supra. It has no term certain and its loss, or the loss of the underlying office from which it emanates, pursuant to § 36-9-2 prevents its restoration by pardon pursuant to § 36-9-2. In writing Norris, supra, Justice Maddox analyzed the nature of the office of supernumerary sheriff and the effect of § 36-9-2 on it. Not only as an institutional presumption, this court knows judicially Justice Maddox was well mindful of [State ex rel.] Sokira v. Burr, 580 So.2d 1340 (Ala.1991), which he also authored and which analyzes the effect of pardon on the person and the restoration of his eligibility to hold office. Inasmuch as Norris does not refer to nor distinguish Sokira, the implication is they refer to entirely different concepts.
“In this case, Hubert Norris does not claim the office of Sheriff of Fayette .County by virtue of his pardon. He claims it by virtue of his election. He is not claiming restoration of a term of office vacated by his conviction as was the case in Hendrix, supra, nor a benefit of an office vacated by virtue of § 36-9-2, as [was the case] in his own earlier application to b.e appointed supernumerary sheriff [and in] Hogan v. Bronner, 491 So.2d 226 (Ala.1986). The question is simply one of eligibility to hold public office. Sokira, supra, and the opinion of the Attorney General, Ala. Op. Atty. Gen. No.2001-276 answer that question. A pardon, as is the case here, which restores civil and political rights does not restore an office, but it does restore eligibility for office. That Hubert Norris has been elected to and held office as County Commissioner after his pardon, without intervention by the State, reinforces the holding here that Hubert Norris, by virtue of his pardon, is eligible to hold public office. That the office and term of Hubert Norris which was vacated by his conviction of 1989 and § 36-9-2 had expired and the fact that no benefits of that office were allowed to be restored to him pursuant to Norris, supra, moots and renders inapposite the application of § 36-9-2 to these facts.
“The people of Fayette County, by election of 2002, determined who was to be the new Sheriff of Fayette County for a term beginning January 20, 2003. Hubert Norris is eligible to be elected to and hold that office and he was elected to it.
“Therefore, on the briefs, arguments, and stipulated facts and pursuant to Rules 12 and -56, Ala. R. Civ. P., judgment is due to be and is hereby rendered in favor of Defendant Hubert Norris. Plaintiffs Complaint for Writ of Quo Warranto is denied.”
Norris’s earlier case, Norris v. Humber, 674 So.2d 77 (Ala.1995), is distinguishable from the instant case. In Humber this Court decided that § 36-9-2 barred Norris’s appointment to the office of supernumerary sheriff subsequent to his pardon because the supernumerary office depended on the same incumbency as sheriff that Norris had forfeited with his felony conviction. Norris’s current office of sheriff depends only on his new election subsequent to his pardon and not in any way upon the prior incumbency he forfeited with his felony conviction.
Section 36-9-2 addresses the term of office the official is serving when he is convicted: Humber and Hendrix v. Hunt, 607 So.2d 1254 (Ala.1992), stand for the proposition that the Code section also bars *561 later supernumerary status based on the forfeited office. Norris’s pardon, however, restored his “civil and political right[ ]” to seek election anew and to hold office as sheriff pursuant to such election. State ex rel. Sokira v. Burr, 580 So.2d 1340 (Ala.1991) (main opinion and Justice Houston’s specially concurring opinion). Neither § 36-9-2 nor any binding precedent bars Norris’s holding the office he won by election after he was pardoned. Therefore, the summary judgment is affirmed.
AFFIRMED.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, and WOODALL, JJ., concur.
STUART, J., dissents.