BOLIN, Justice.
Hubert M. Norris appeals from a summary judgment entered in favor of the Fayette County Commission (“the Commission”) and the dismissal of his petition for a writ of mandamus. We affirm.

I. Undisputed Facts and Procedural History

Norris held the office of Sheriff of Fay-ette County for consecutive four-year terms beginning June 1974 until his resignation in May 1989. As sheriff, Norris participated in the county’s supernumerary sheriffs’ benefit program; an amount equal to 6% of Norris’s monthly sheriffs salary was deducted from his paycheck and paid into the general fund of Fayette County.
On May 4, 1989, during his fourth term in office, Norris resigned as sheriff pursuant to a plea agreement in federal court. As part of the plea agreement, Norris pleaded guilty to multiple federal felonies, including racketeering, bribery, and tax evasion. Norris was convicted in accordance with the plea agreement, was sentenced to 37 months in prison, and was fined $25,000. On March 14, 1994, Norris received a full pardon from the Alabama State Board of Pardons and Paroles, which restored all of his civil and political rights that had been forfeited by virtue of his 1989 conviction.
On August 29, 1994, then Governor Jim Folsom, Jr., appointed Norris as supernumerary sheriff of Fayette County, pursuant to § 36-22-60, Ala.Code 1975.[1] The Commission thereafter petitioned for a writ of quo warranto, seeking to have Norris excluded from that office pursuant to § 36-9-2, Ala.Code 1975.[2] The Fayette Circuit Court issued the writ, and Norris appealed. On appeal, this Court held that § 36-9-2 precluded Norris from serving as supernumerary sheriff after having received a pardon. Norris v. Humber, 674 So.2d 77 (Ala.l995)(“Norris I”).
In November 2002, Norris ran for and was reelected as Sheriff of Fayette County. Norris served as sheriff from January 2003 until January 2007, and he contributed to the supernumerary sheriffs’ benefit program for each of those years. The State of Alabama thereafter petitioned for a writ of quo warranto, alleging that Norris had unlawfully held the office of sheriff, again relying on § 36-9-2. The circuit court entered a summary judgment in favor of Norris, and the Commission appealed. In State v. Norris, 879 So.2d 557 (Ala.2003) (“Norris II”), this Court affirmed the summary judgment in favor of Norris, holding that § 36-9-2 did not bar Norris from holding the office of sheriff after having been pardoned, because he claimed that office by virtue of his election, not appointment after his pardon.
On November 27, 2006, toward the end of Norris’s term as sheriff, the Commission sought a legal opinion from the attor *661 ney general regarding the county’s obligation to pay Norris any supernumerary sheriffs benefits. On December 1, 2006, Norris filed with then Governor Bob Riley a written declaration seeking to become a supernumerary sheriff for Fayette County at the end of his term as sheriff; Norris stated in that declaration that he met all the requirements to be appointed as a supernumerary sheriff pursuant to § 36-22-60(2). On January 9, 2007, Governor Riley commissioned Norris as supernumerary sheriff of Fayette County; the commission was countersigned by the secretary of state. On January 10, 2007, the attorney general issued an opinion stating that Norris was “not qualified to hold the office of supernumerary sheriff because, by virtue of his 1989 conviction, he forfeited the benefits of his entire incumbency as Sheriff of Fayette County that predated his conviction.” Op. Att’y Gen. No. 2007-032 (January 10, 2007).
On February 15, 2007, the Commission sought another legal opinion from the attorney general regarding whether Norris’s appointment to the office of supernumerary sheriff by Governor Riley affected the status of Norris with regard to his supernumerary benefits. On May 7, 2007, the attorney general advised the Commission that, because Governor Riley had already appointed Norris as supernumerary sheriff, the question was moot. On May 17, 2007, Governor Riley’s chief legal advisor purported to rescind Norris’s appointment to the office of supernumerary sheriff after learning of his 1989 felony conviction.
On March 2, 2011, Norris filed with the Fayette Circuit Court a petition for a writ of mandamus compelling payment of past and future supernumerary sheriffs benefits. Norris and the Commission thereafter filed cross-motions for a summary judgment based upon a joint stipulation of uncontested material facts. On January 28, 2013, the trial court entered a summary judgment in favor of the Commission, concluding as a matter of law that Norris had not served as sheriff for the requisite number of years as required by § 36-22-60(2) and that Governor Riley’s appointment of Norris as supernumerary sheriff was void ab initio; the trial court therefore dismissed Norris’s petition for a writ of mandamus.

II. Standard of Review

In Moss v. Williams, 822 So.2d 392, 394 (Ala.2001), this Court stated:
“Normally, we apply the ‘elearly-erro-neous’ standard of review to a trial court’s judgment. In this case, however, the material facts are undisputed. The trial court based its decision on the pleadings, documentary and other evidence introduced at the hearing on the motion for a summary judgment, and arguments of counsel. ‘[W]hen a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those undisputed facts.’ Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756 (Ala.1990). The question before this Court is one of law: [Was Norris qualified pursuant to 36-22-60(2), Ala.Code 1975, to be appointed as supernumerary sheriff?] ‘ “[0]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court’s review is de novo.” ’ Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999) (quoting Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997)).”

III. Discussion

Norris was elected as sheriff for consecutive four-year terms in 1974, 1978, 1982, and 1986. After being pardoned, Norris was reelected as sheriff for the four-year term beginning in 2003. The trial court held that Norris was not quali *662 fied to be appointed as a supernumerary sheriff because he had not accumulated the requisite number of years of service credit as a sheriff, as required by § 36-22-60(2). Specifically, the trial court held that § 36-22-60(a) permitted consideration of only Norris’s years of service credit as sheriff from 2003 to 2007 because, it concluded, Norris had forfeited all of his years of service credit as sheriff that preceded his 1989 conviction. On appeal, Norris argues that, because sheriffs in Alabama are elected to four-year terms, he forfeited only the four years of service credit associated with the term of office he was holding when he was removed from office, i.e., the 1986 term. Section 36-22-60(2) prescribes the qualifications for serving as a supernumerary sheriff, and it states that in order to be appointed to the office of supernumerary sheriff one must have had “16 years of service credit as a law enforcement officer, 12 of which have been as a sheriff, and [must have] reached the age of 55 years.” Without question, if Norris did not forfeit all of his previous years of service credit as sheriff that ended with his 1989 conviction, he would meet the statutory requirements of § 36-22-60(2). Norris’s age is not at issue. Before the 1986 term that ended with his conviction, Norris had 12 years of service credit as sheriff; he also had 8 years of service credit in law enforcement as a police officer. The question before this Court is whether, by virtue of his conviction, Norris forfeited all of his service credit as a sheriff predating his conviction or whether he forfeited only the years as sheriff associated with the four-year term he was serving at the time he was removed from office. We find this Court’s holding and rationale in Norris I to be persuasive in our resolution of this issue.

A. Norris I

In Norris I, this Court addressed the issue “whether Norris, having pleaded guilty to felonies, [could] serve as supernumerary sheriff after receiving a pardon.” 674 So.2d at 78. This Court elaborated as follows:
“We must determine whether § 36-9-2, Ala.Code 1975, prevents Norris’s appointment to the office of supernumerary sheriff. Section 36-9-2 states:
“ ‘When any person holding any office or place under the authority of this state is convicted by any court of the United States, of this state or of any other state of a felony, his office or place shall be vacated from the time of the conviction. If the judgment is reversed, new trial granted or judgment notwithstanding the verdict is rendered, he shall be restored to office; but, if pardoned, he shall not be restored to office.’
“(Emphasis added.)
[[Image here]]
“ ‘We stated in State ex rel. Moore v. Blake, 225 Ala. 124, 126, 142 So. 418, 419 (1932), that the Legislature has the inherent power to prescribe qualifications for the holding of state offices of trust. In § 36-9-2, the Legislature has determined that an official convicted of a felony while holding a public office shall not be restored to office, even if he receives a pardon.’
“[Hendrix v. Hunt,] 607 So.2d [1254] at 1256-57 [ (Ala.1992) ] (emphasis in original).
[[Image here]]
“... [T]his Court in James v. Thompson, 392 So.2d 1178 (Ala.1981), addressed the character of the office of supernumerary sheriff:
“ ‘[0]ur disposition of the instant appeal is aided by the literal meaning of the word “supernumerary.” The word is derived from two Latin words — super, above or beyond; and *663 numerus, a number. Thus, these two words, when used in combination and translated, mean exceeding a prescribed number. The legislative employment of this term, as a means of providing compensation to public officials conditioned upon age and length of service, created an office of public trust with duties and responsibilities concomitant with its purpose and design. While its members are above and beyond the numbers prescribed for active sheriffs, and its duties are limited and contingent by its nature, its character is not reduced to something less than that of a public office. Indeed, the Act provides that each supernumerary sheriff shall take the oath of office prescribed for sheriffs.’
“392 So.2d at 1180.
“This Court addressed a similar issue in Hogan v. Bronner, 491 So.2d 226 (Ala.1986). In Hogan, a retired judge petitioned for writs ordering the payment of retirement benefits he alleged were owed to him. The plaintiff, while serving as a retired judge, was indicted and convicted of bribery and conspiracy to accept bribes during his term as an active judge. The Court reasoned that our judicial retirement law makes it clear that a retired judge holds office conditionally and may forfeit the office and any right to benefits. Citing Ala. Const, of 1901, § 60, and §§ 36-2-l(a)(3) and 36-9-2, Ala.Code 1975, the Court wrote:
“ ‘These provisions mandate the removal of a judge from his office as a retired judge under the judicial retirement law when he has been convicted of the crime of bribery committed while performing active duty as a judge. The removal from office of such a judge so convicted carries with it the forfeiture of the benefits of that office, including retirement benefits.’
“491 So.2d at 227.
“Applying the principle of Hogan, we conclude that Norris’s ability to serve in the position of supernumerary sheriff is derived solely from his ability to hold the office of sheriff See §§ 36-22-60 to 36-22-65, Ala.Code 1975. Thus, he cannot enjoy the benefits of the office of supernumerary sheriff if his conviction of the felonies prevents his holding the office of sheriff The trial court properly applied the Hogan principle in this ease.
“... The intent of § 36-9-2 is to remove from office a public official convicted of a felony, and the law prevents such an official from enjoying the benefits of the office he or she has abused.... ”
674 So.2d at 78-80 (footnote omitted; emphasis added).
This Court’s holding in Norris I was based primarily on the holding in Hogan v. Bronner, 491 So.2d 226 (Ala.1986). In Hogan, Elwood Hogan, the judge at issue, committed the crimes of bribery and conspiracy to accept bribes during his term as an active judge. Hogan was convicted of the crimes while serving as a retired judge. This Court held that Hogan’s removal from office as a retired judge carried with it the forfeiture of benefits of that office, including retirement benefits. 491 So.2d at 227. Like Hogan, Norris was convicted of multiple felonies while serving as sheriff of Fayette County. Norris’s removal from the office of sheriff carried with it the forfeiture of the benefits of that office, including supernumerary benefits. The office abused in this case was the office of sheriff; therefore, Norris forfeited all of his years of service credit as sheriff that predated his conviction, not just the four-year term that ended upon his conviction.
Norris erroneously argues that Hogan has been overruled by Johnson v. Board of Control of the Employees’ Retirement Sys *664 tem of Alabama, 740 So.2d 999 (Ala.1999). In Johnson, Inge Johnson, the judge at issue, had taken the oath of a retired circuit judge on inactive status and thereafter was appointed as a United States district judge. This Court addressed the question whether “a circuit judge who meets the eligibility requirements for retirement as provided by Ala.Code 1975, § 12 — 18—6(b)(5), lose[s] the right to [retirement] benefits upon his or her appointment as a United States district judge?” 740 So.2d at 1001. Relying on Hogan, the board argued that in order to receive payments from the Judicial Retirement Fund a judge must hold office as an “extra judge.” This Court stated the following:
“The Board argues that in order to receive payments from the Judicial Retirement Fund a judge must hold office as an extra judge of the state, citing § 12 — 18—7[, Ala.Code 1975]. The Board cites Hogan v. Bronner, 491 So.2d 226 (Ala.1986), in support of this argument. This argument is misplaced. That case did not involve § 280 of the Constitution, nor was § 12-18-7 implicated. In Hogan v. Bronner, this Court addressed the constitutional prohibition of § 60 of the constitution and the corresponding statutory provision, § 36-9-2, requiring the removal of a person from an office of trust or profit after conviction of certain crimes. Hogan was convicted for a crime committed while he was sitting as an active judge. The Court held that § 60 of the constitution required him to vacate the office as circuit judge and that the conviction of a felony while acting as a circuit judge carried with it the forfeiture of retirement benefits. Hogan did not involve § 280 of the constitution, as this case does, and thus it is not authority for the argument advanced by the Board. Hogan lost his right to receive retirement benefits because he was convicted of a crime for acts he committed while serving as a circuit judge.
[[Image here]]
“While Hogan is distinguishable on its facts from this case and was based upon a separate provision of the state constitution, which has no application here, Hogan does contain dicta that are, at best, confusing and that are, most likely, simply wrong. The fact that a judge is required to vacate his office and forfeit all benefits upon conviction of a felony does not compel the conclusion that a judge with a fully vested pension (having met all statutory requirements for retirement benefits under state law) is required to forfeit that pension upon her appointment to the federal bench.”
Id. at 1009. Accordingly, this Court concluded that “[t]hose statements [in Hogan ], linking the benefits of retirement to the office of a retired judge, were unnecessary to the holding in Hogan; they were wrong and they are hereby overruled.” Id. at 1005.
Clearly, Johnson did not overrule the holding in Hogan, i.e., that Hogan lost his right to receive retirement benefits because he was convicted of a crime that he had committed while serving as a circuit judge. Instead, it overruled only those statements in Hogan constituting dicta that implied that a retired judge’s receipt of retirement benefits was dependent upon his or her performing as an extra judge or being available to serve as an extra judge. Accordingly, Norris’s argument that the pertinent holding in Hogan has been overruled has no merit.

B. Norris II

Norris next posits that this Court’s use of the phrase “term of office” in Norris II supports his argument that he forfeited only the years of service credit associated with the four-year term of office he was serving when he was convicted, i.e., the *665 1986 term. We disagree. In Norris II, this Court distinguished the effect of § 36-9-2 on the separate issues raised in Norris I and Norris II:
“[Norris /] is distinguishable from the instant case. In [Norris I] this Court decided that § 36-9-2 barred Norris’s appointment to the office of supernumerary sheriff subsequent to his pardon because the supernumerary office depended on the same incumbency as sheriff that Norris had forfeited with his felony conviction. Norris’s current office of sheriff depends only on his new election subsequent to his pardon and not in any way upon the prior incumbency he forfeited with his felony conviction.
“Section 36-9-2 addresses the term of office the official is serving when he is convicted. [Norris I] and Hendrix v. Hunt, 607 So.2d 1254 (Ala.1992), stand for the proposition that the Code section also bars later supernumerary status based on the forfeited office. Norris’s pardon, however, restored his ‘civil and political right[]’ to seek election anew and to hold office as sheriff pursuant to such election. State ex rel. Sokira v. Burr, 580 So.2d 1340 (Ala.1991) (main opinion and Justice Houston’s specially concurring opinion). Neither § 36-9-2 nor any binding precedent bars Norris’s holding the office he won by election after he was pardoned. Therefore, the summary judgment is affirmed.”
879 So.2d at 560 (first emphasis in original; other emphasis added).
As used in § 36-9-2, the word “office” means the office of sheriff. Although the word “term” is not used in § 36-9-2, the Court in Norris II used the phrase “term of office” to refer to the office a person vacates by virtue of a conviction. As previously stated, Norris vacated the office of sheriff; his creditable years of service in that office included all of his years of service as sheriff predating his conviction. Norris interprets the phrase “term of office” as used in Norris II as meaning the four-year term he was serving when he was removed from office. Again, Norris’s interpretation of the word “term” is based on the fact that sheriffs in Alabama are elected to four-year terms. Norris’s interpretation, however, falls outside the application of § 36-9-2, insofar as that statute addresses the effect of a pardon on a person’s ability to be restored to a specific office, and runs afoul of this Court’s holdings in both Norris I and Norris II.
“When interpreting a statute, this Court must read the statute as a whole because statutory language depends on context; we will presume that the Legislature knew the meaning of the words it used when it enacted the statute. Ex parte Jackson, 614 So.2d 405, 406-07 (Ala.1993). Additionally, when a term is not defined in a statute, the commonly accepted definition of the term should be applied. Republic Steel Carp. v. Horn, 268 Ala. 279, 281, 105 So.2d 446, 447 (1958).”
Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 517 (Ala.2003). For the foregoing reasons, Norris’s argument regarding the import of the phrase “term of office” used in Norris II fails.

C. Attorney General’s Opinion, No. 2007-032

We also find persuasive the above-referenced attorney general’s opinion addressing the same issue presented in this appeal. See Alabama-Tennessee Natural Gas Co. v. Southern Natural Gas Co., 694 So.2d 1344,1346 (Ala.1997)(“While an opinion of the attorney general is not binding, it can constitute persuasive authority.”).
Subsequent to his pardon, Norris was reelected as sheriff of Fayette County and *666 served in that position from January 2003 until January 2007. The Commission sought a legal opinion from the attorney general regarding the county’s obligation to pay Norris supernumerary sheriffs benefits. The attorney general’s opinion reads as follows:
“In [Norris II], the Alabama Supreme Court determined that Norris could hold the office of Sheriff of Fay-ette County after his pardon because he claimed the office by virtue of his election, not his pardon. [Norris II], at 560. The court distinguished [Norris II] from [Norris I], pointing out that ‘the supernumerary office [at issue in Norris I ] depended on the same incumbency as sheriff that Norris had forfeited with his felony conviction.’ Id. The court concluded that section 36-9-2 of the Code of Alabama ‘addresses the term of office the official is serving when he is convicted’ and that the [Norris I] decision stands ‘for the proposition that [§ 36-9-2] also bars later supernumerary status based on the forfeited office.’ Id. at 560-61. Thus, the question is whether Norris’s forfeited incumbency is limited to the term of office he was holding at the time of his conviction, or whether the forfeited incumbency included all of his time in office that ended with his conviction.
“There is no definition of the word ‘incumbency’ in Alabama law; however, Alabama courts have, in the past, referred to multiple terms in office as a single incumbency. See, e.g., State v. Pratt, 192 Ala. 118, 124, 68 So. 255, 257 (Ala.1915) (referring to probate judge who was subject of action for impeachment in 1915, the court wrote: ‘Judge Pratt has been for many years, during his incumbency of this office, which began in the year 1898, a very near constant alcoholic drinker’); Macon County v. Abercrombie, 9 Ala.App. 147, 62 So. 449, 450 (1913) (rev’d on other grounds, Macon County v. Abercrombie, 184 Ala. 283, 63 So. 985 (1913) (referencing ‘the present term of his incumbency of the office’)).
“In [Norris II], the Supreme Court quoted the opinion of the circuit court that had also concluded that Norris was eligible to be elected to the office of Sheriff of Fayette County after his pardon. The circuit court reasoned ‘ “[t]hat the office and term of Hubert Norris which was vacated by his conviction of 1989 and § 36-9-2 had expired and the fact that no benefits of that office were restored to him pursuant to Norris [7] ... moots and renders inapposite the application of § S6-9-2 to these facts. ” ’ /Norris 11], 879 So.2d at 560 (quoting lower court decision).
“The fact that both the Alabama Supreme Court and the circuit court in [Norris II ] refer to ‘term of office’ when speaking of the effect of section 36-9-2 on Norris’s ability to hold the office of Sheriff of Fayette County by virtue of election to that office, and yet, when referring to his eligibility for supernumerary status based on his pre-conviction service, simply refer to the ‘benefits of that office,’ and ‘forfeited office’ without the key phrase ‘term of,’ supports the conclusion that Norris’s conviction of the felonies stripped him of the benefits of his entire pre-conviction incumbency in office, and these benefits were not restored by virtue of his pardon.”
Op. Att’y Gen. No. 2007-032 (January 10, 2007).

D. Whether Norris’s Appointment as Supemumary Sheriff Was Void Ab Initio

Governor Riley appointed Norris as a supernumerary sheriff based on Norris’s declaration that he was qualified for that position; Norris’s declaration was ac *667 companied by sworn documentation. Thereafter, Governor Riley’s chief legal advisor wrote a letter to the Commission advising the Commission that the Governor’s office did not have knowledge of Norris’s 1989 conviction when Governor Riley made the appointment. The Governor’s office apparently discovered that information by virtue of the attorney general’s January 10, 2007, opinion, which expressed that Norris was not qualified to hold the office of supernumerary sheriff because he had forfeited all of his years of service credit as sheriff that predated his 1989 conviction. The trial court concluded that Governor Riley’s appointment of Norris to the office of supernumerary sheriff was void ab initio based on the fact that Norris was not qualified pursuant to § 36-22-60(2) to hold that office. The qualifications necessary to participate in the supernumerary sheriffs’ program are stated in § 36-22-60, Ala.Code 1975, which states, in part:
“Any sheriff, on or after July 19,1979, of any county of this state may elect to participate in the supernumerary sheriffs program provided by this article. Any sheriff, on or after July 19, 1979, of any county of this state:
[[Image here]]
“(2) Who has had 16 years of service credit as a law enforcement officer, 12 of which have been as a sheriff, and who has reached the age of 55 years;
“may elect to become a supernumerary sheriff of the county by filing a written declaration to that effect with the Governor not more than 90 days prior to the end of the 16 year period or reaching the age of 55 years, both having been fulfilled, or at any time thereafter. If the Governor shall find that any such declarant is qualified under either subdivision (1) or (2) of this section, he shall then issue such declarant a commission as supernumerary sheriff.”
(Emphasis added.)
Relying heavily on Tucker v. Watkins, 737 So.2d 443, 445 (Ala.l999)(holding that, “[o]nee the appointment was made by the Governor, the Governor had no power to undo it”), Norris argues that Governor Riley was without power to rescind Norris’s appointment to the office of supernumerary sheriff because, he says, an appointment to office may be revoked only before the appointment becomes final and complete. Norris’s reliance on Tucker is misplaced. In Tucker, the Governor appointed Donald Watkins and Robert Jones to the Board of Trustees of Alabama State University and thereafter purported to rescind the appointments. The appointments in Tucker were made pursuant to § 16-50-20(a), Ala.Code 1975, which provides, in part, that “[t]he trustees shall be appointed by the Governor, by and with the advice and consent of the Senate,” and that “[a]ll appointments shall be effective until adversely acted upon by the Senate.” Based on the language in that statute, this Court held that, “[o]nce the appointment was made by the Governor, the Governor had no power to undo it. That power resided only in the Senate.” 737 So.2d at 445. In the case at hand, § 36-22-60 specifically states that “[i]f the Governor shall find that any such declarant is qualified ..., he shall then issue such declarant a commission as supernumerary sheriff.” Governor Riley appointed Norris to the office of supernumerary sheriff based on Norris’s sworn declaration that he was qualified to hold that office. The statute in this case does not prohibit the Governor from rescinding an appointment upon discovering that the declarant was incorrect and was not initially qualified to be appointed. Accordingly, Governor Riley rightfully rescinded Norris’s appointment to the office of supernumerary sheriff.
*668 In Hale v. State ex rel. Algee, 237 Ala. 191, 195-96, 186 So. 163, 167 (1939), this Court stated:
“Equally well settled is the rule that the appointing power, in making the appointment, must comply with all the formalities prescribed by the law which confers the power, in order that the appointment be valid....
[[Image here]]
“We are of the opinion, and so hold, that the respondent has not shown a valid title to the office, and that the court a quo committed no error in entering a judgment of ouster.”
Accordingly, because Norris failed to show that he was qualified to be appointed to the office of supernumerary sheriff pursuant to 36-22-60(2), the trial court did not err in holding that his appointment was void ab in initio. Hale, supra.

IV. Conclusion

Because the trial court correctly held that, as a matter of law, Norris did not meet the statutory requirements to be appointed a supernumerary sheriff, Norris was not entitled to the mandamus relief he requested. See Ex parte Lundy, 429 So.2d 998, 1000 (Ala.1983)(“Mandamus is an extraordinary writ and will not be granted unless there is a clear showing of error in the trial court.”). Accordingly, the trial court did not err in entering a summary judgment in favor of the Commission and in dismissing Norris’s petition for a writ of mandamus.
AFFIRMED.
MOORE, C.J., and STUART, PARKER, SHAW, MAIN, WISE, and BRYAN, JJ., concur.
MURDOCK, J., dissents.

. Section 36-22-60(2), Ala.Code 1975, permits a person who has 16 years of service credit as a law-enforcement officer, 12 of which have been as a sheriff, and who has reached the age of 55 years, to be appointed as a supernumerary sheriff.

. Section 36-9-2, Ala.Code 1975, states:
"When any person holding any office or place under the authority of this state is convicted by any court of the United States, of this state or of any other state of a felony, his office or place shall be vacated from the time of the conviction. If the judgment is reversed, new trial granted or judgment notwithstanding the verdict is rendered, he shall be restored to office; but if pardoned, he shall not be restored to office."
(Emphasis added.)